IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND J ROWELL, | No. C 10-02816 CRB |
| Plaintiff, | **ORDER DENYING MOTION FOR ATTORNEYS' FEES** |
| v. | |
| VALLEYCARE HEALTH SYSTEMS, et al., | |
| Defendants. | |

Defendants' Motion for Attorneys' Fees (Dkt. 33) is presently before the Court. For the reasons that follow, that Motion is DENIED.[1]

### I. BACKGROUND

Plaintiff filed suit in this Court as a result of the suspension of his privileges to serve as a family medical doctor for ValleyCare Health Systems. He brought both federal and state law claims. This Court granted Defendants' Motion to Dismiss on October 21, 2010, dismissing the federal claims with prejudice and declining to exercise supplemental jurisdiction over the state law claims. The federal claims included (1) a claim ostensibly under the Health Care Quality Improvement Act ("HCQIA"); (2) a civil rights claim raising a due process argument; and (3) an antitrust claim.

---

[1] This mater is appropriate for disposition without argument. The hearing scheduled for December 10, 2010 is hereby VACATED.

## II. DISCUSSION

Defendants' Motion for Attorneys' Fees makes two core arguments. First, that they are entitled to attorneys' fees pursuant to the HCQIA as prevailing parties. Second, that they are entitled to attorneys' fees as the prevailing party on a section 1983 claim. The Court rejects both arguments.

### A. The HCQIA

The HCQIA provides in part as follows:

> In any suit brought against a defendant, to the extent that a defendant has met the standards set forth under section 11112(a) of this title and the defendant substantially prevails, the court shall, at the conclusion of the action, award to a substantially prevailing party defending against any such claim the cost of the suit attributable to such claim, including a reasonable attorney's fee, if the claim, or the claimant's conduct during the litigation of the claim, was frivolous, unreasonable, without foundation, or in bad faith.

42 U.S.C. § 11113.

The Court declines to award attorneys' fees pursuant to section 11113 for two reasons.

First, the Court cannot say on the basis of the record before it whether Defendants have "met the standards set forth under section 11112(a) . . . ." Section 11112(a) sets forth the standards for a peer review proceeding and provides that such proceedings are presumed to meet those standards. The Court dismissed Plaintiff's substantive federal claims – antitrust and due process – not because of HCQIA immunity but rather because those claims contained fatal deficiencies notwithstanding issues of immunity. Essentially, Defendants ask this Court to ignore the allegations of the Complaint as to the validity of the peer review process and rely on the presumption in the statute to conclude that Defendants met the applicable standards. The Court is not inclined to take such a step.[2]

Second, even if the Court were inclined to conclude that Defendants met the standards of section 11112(a), it does not believe that Plaintiff's conduct during the litigation was

---

[2] Defendants cite a case from the district of Maryland in support of their argument that it would be appropriate for this Court to award attorneys' fees under these circumstances. Freilich v. Bd. of Directors of Upper Chesapeake Health, Inc., 142 F. Supp. 2d 679 (D. Md. 2001). The Court finds nothing in that case that supports an award of attorneys' fees as costs in a situation such as this. In any case, this Court is not bound by the decision of a district court in Maryland.

frivolous, unreasonable, without foundation, or in bad faith. <u>See</u> 42 U.S.C. 11113. It is true that Plaintiff's claims were irretrievably faulty as a matter of law. Notwithstanding that determination, the Court does not believe the claims were so patently baseless as to be "frivolous" or "without foundation" within the meaning of the statute.

**B.     Section 1988**

Defendants next assert that they are entitled to fees pursuant to 42 U.S.C. § 1988(b) with respect to Plaintiff's failed section 1983 due process claim. But the very case upon which Defendants rely to support their argument explains why attorneys' fees are not warranted. The purpose of the fee shifting provision in section 1988 is "[t]o act as an effective <u>incentive for injured parties</u> to seek judicial relief for civil rights violations . . . ." <u>Ackerly Communications, Inc. v. City of Salem</u>, 752 F.2d 1394, 1396 (9th Cir. 1985) (emphasis added) (internal citations and quotations omitted). Thus, the provision was not designed to award fees as a matter of course to a <u>defendant</u> who successfully prevails in a section 1983 case. Even if an attorneys' fee award in favor a defendant who successfully defeats a section 1983 claim is sometimes warranted pursuant to section 1988, this is not such a case.

\* \* \*

Accordingly, Defendants' Motion for Attorneys' Fees (Dkt. 33) is DENIED.

**IT IS SO ORDERED.**

Dated: December 3, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2010\2816\Order denying motion for attorneys fees.wpd     3